GREen, J.
delivered the opinion of the court.
At the January term of the criminal court of Davidson county, the following indictment was found against the plaintiff in error:
“State of Tennessee, Davidson county:
“Criminal Court, January Term, 1845. — The grand jurors of the State of Tennessee, duly elected, empannelled, sworn and charged to enquire for the body of the county aforesaid, upon their oath present, that John H. Taylor, late óf the county aforesaid, yeoman, on the 16th of December, 1844, in the county aforesaid, did wilfully and maliciously kill a cow, of the value of five dollars, the property of William Watts, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State.”
Upon this indictment the defendant was tried and found guilty, and sentenced to pay a fine of ten dollars and to be imprisoned ten days.
The defendant moved in arrest of judgment, which motion was overruled, and he appealed to this court.
*286 1. It is now insisted that the indictment is bad, because it is not alleged, that the animal killed was a “beast.” By the act of 1803, ch. 9. s. 2, (C. & N. 490,) it is provided, “that if any person shall wilfully or maliciously kill or destroy, or wound the beast of another, he shall be fined not exceeding two hundred dollars, and be imprisoned not exceeding three months.”
The word “beast,” is here used as a generic term, and includes all animals of that description. The indictment describes the specific animal killed, and the animal so described is a “beast;” and by necessary consequence the indictment charges that the defendant killed a “beast.”
2. It is next objected, that the indictment does not charge the offence to have been committed vi et armis. Mr. Chitty says, (Crim. Law, Vol. 1, p. 241, marg. 1,) that although since the statute 27 Hen. 8, ch. 8, “many indictments for trespasses and other wrongs, accompanied with actual violence, have been deemed insufficient for want of the words “with force and arms,” on the other hand, the court has frequently refused to quash the proceedings where they have been omitted; and the last seems to be the better opinion: for, otherwise, the terms of the statute seem destitute of meaning.”
3. I( is next objected, that it does not appear from the indictment that the offence was committed in the county of Davidson. The State and county are written at fall length in the margin, after which, it is stated, that the grand jury for the county aforesaid, present, that John H. Taylor, late of the county aforesaid, in the county aforesaid, did wilfully,” &c. In the case of Sanderlin vs. the State, (2 Hump. R. 319,) it is held, that in misdemeanors, so much strictness is not required as in indictments for felonies is necessary. In that case, the venue was not laid with so much precision as it is stated in this indictment. Here, the words, in the county aforesaid, refer to Davidson county written in the margin. It is, therefore, a statement that the cow was killed in Davidson county.
W e think there is no error in the record, and affirm the judgment.